IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

| | |
|---|---|
| ABU KHALID ABDUL-LATIF, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN B. BIRKHOLZ, )<br>FCI LOMPOC, )<br>)<br>Respondent. )<br>) | Civil Action No. 5:24-cv-224<br>Judge Bailey |

### DECLARATION OF JAMES McILRATH

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned James McIlrath, do hereby make the following declaration pertinent to the above-styled cause of action:

1. I am currently employed by the Federal Bureau of Prisons ("Bureau" or "BOP") as the Discipline Hearing Officer at the Federal Correctional Complex in Lompoc, California ("FCC Lompoc"). I have held this position since June 2019. I began my employment with the Bureau in February 2000.

2. I was duly trained and certified as a DHO by the Bureau in accordance with Program Statement 5270.09, CN-1 Inmate Discipline Program (Nov. 18, 2020). *See* https://www.bop.gov/policy/progstat/5270_009.pdf. As DHO at FCC Lompoc, I conduct administrative hearings on all acts of inmate misconduct referred to me by the Unit Discipline Committee ("UDC"). During the administrative hearings, I review disciplinary reports; determine any witnesses who may need to be called in addition to those requested by the inmate; take and record testimony relevant to the charges; obtain, review, and weigh

1

evidence; and determine whether or not the allegations of misconduct are supported by the evidence submitted. I also make findings and impose appropriate sanctions for incidents of inmate misconduct and violations of prohibited acts referred for disposition following a UDC hearing. *See* 28 C.F.R. § 541.8, *Discipline Hearing Officer (DHO) Hearing*. DHO hearings are conducted in accordance with the procedures set forth in 28 C.F.R. Part 541.

3. I have been informed that inmate Abu Khalid Abdul Latif, Register No. 40739-086 ("Petitioner"), has filed a lawsuit challenging his DHO proceedings relating to Incident Report No. 3718509 while he was designated to FCI Lompoc I. As part of my duties and responsibilities, I have access to inmates' records, electronic data maintained on the BOP's SENTRY computer database, Administrative Remedy records, and BOP Program Statements. I certify that the Attachments referenced herein are true and correct copies of records kept in the ordinary course of business of the BOP.

4. Petitioner is currently serving a 216-month term of imprisonment to be followed by a 10-year term of supervised release for a conviction in the United States District Court for the Western District of Washington for "Conspiracy to Murder Officers and Employees of the United States" and "Conspiracy to Use Weapons of Mass Destruction." Assuming he receives all good conduct time currently projected, he has a release date of January 24, 2027. *See Public Information Inmate Data*, 40739-086 (January 3, 2025), attached as Attachment A.

5. Petitioner was designated to the Federal Correctional Institution in Lompoc, California ("FCI Lompoc I") at the time of the incident in the at-issue Incident Report, January 8, 2023. *See Inmate History (ADM-REL)*, 40739-086 (January 3, 2025), attached as Attachment B.

2

6. Petitioner is currently designated to the Federal Correctional Institution in Bruceton Mills, West Virginia ("FCI Hazelton"). *Id.*

**Incident Report No. 3718509**

7. On January 8, 2023, Petitioner received an incident report for violating Prohibited Act Code 110 – Refusing a Drug or Alcohol Test. *See Incident Report No. 3718509*, attached as Attachment C.

8. According to the reporting officer:

   a. On January 8th, 2023, at approximately 6:55 a.m., I identified inmate Abdul-Latif, Abu Reg. No. 40739-086, by name, register number and photo ID. I provided inmate Abdul-Latif with one eight-ounce glass of water and advised him that he had two hours to provide a urine sample. I asked inmate Abdul-Latif three times if he was ready to provide a urine sample and he stated "no I can't go". Inmate Abdul-Latif was given three attempts to provide a sample and stated "I can't go, I know I'll get an Incident report, take me to the hole". At 8:55 a.m., inmate Abdul-Latif was asked for a final time to provide a urine sample, inmate Abdul-Latif refused to provide the requested urine sample. *Id.* at 1.

9. Petitioner was provided a copy of Incident Report No. 3718509 on January 8, 2023, at 9:45 a.m. *Id.* at p. 1.

10. On January 9, 2023, at 1:09 p.m., Petitioner appeared before the Unit Discipline Committee ("UDC"). *Id.* at p. 2.

11. Petitioner attended his UDC hearing and provided the following statement: "I did not refuse to do anything." *Id.* at p. 1.

3

12. Due to the severity of the charge, the UDC referred the matter to the DHO and recommended that if Petitioner is found guilty, to sanction him with loss of Good Conduct Time ("GCT") and privileges. *Id.* at p. 2.

13. Petitioner received notice of the hearing before the DHO on January 9, 2023. *See Notice of Hearing*, January 9, 2023, attached as Attachment D. At this time, Petitioner requested the assistance of a staff representative for the hearing and waived the right to call any witnesses. *Id.*

14. Petitioner acknowledged that he had read and understood his rights before the Disciplinary Hearing Officer on January 9, 2023, specifically including the right to present documentary evidence on his own behalf. *Inmate Rights at Discipline Hearing*, at ¶ 3, attached as Attachment E.

15. On January 23, 2023, the DHO remanded the incident report to the UDC because the assigned staff representative did not sign the Duties of Staff Representative (Form BP-A0306) in a timely manner. *Advisement of Incident Report Delays*, January 23, 2023, attached as Attachment F.

16. Accordingly, Petitioner was provided notice of the delay in proceedings on January 24, 2023, and appeared before the UDC again. During this UDC hearing on January 24, 2023, Petitioner stated: "No Comment." *See Incident Report No. 3718509*, attached as Attachment G. Due to the severity of the charge, the UDC again referred the matter to the DHO and recommended that if Petitioner is found guilty, to sanction him, *inter alia*, with loss of GCT. *Id.*

17. At this time, Petitioner was provided a subsequent notice of hearing and again indicated that he requested the assistance of a staff representative, but did not intend to call witnesses. *See Notice of Hearing*, January 24, 2023, attached as Attachment H.

18. On this same date, Petitioner again acknowledged that he had read and understood his rights before the Disciplinary Hearing Officer, specifically including the right to present documentary evidence on his own behalf. *Inmate Rights at Discipline Hearing*, at ¶ 3, attached as Attachment I.

19. On January 31, 2023, I conducted the discipline hearing for Incident Report No. 3718509. *Discipline Hearing Officer Report*, Incident Report No. 3718509, attached as Attachment J. I was not a victim, witness, investigator, or significantly involved in the underlying incident. *See id.*

20. Petitioner's due process rights were read and reviewed at time of the hearing. Petitioner stated he understood his rights. Petitioner did not request to present any documentary evidence at any point before or during the hearing. Petitioner did not request to call any witnesses, including any medical professionals, at any time before or during the hearing. *Id.* at p. 1. Petitioner waived his right to the assistance of his previously requested staff representative. *See Notice of Hearing, Waiver of Right to Staff Representative*, January 31, 2023, attached as Attachment K.

21. I read Section 11 of the Incident Report to Petitioner and asked whether he admitted or denied the charge. Petitioner stated: "No Contest." *See* Att. J at p. 1. When asked if he wanted to make a statement, Petitioner stated: "I didn't refuse, I just couldn't go in the time period provided." *Id.*

22. At the DHO Hearing held on January 31, 2023, Petitioner did not present any documentary evidence, request that I consider any documentary evidence, nor request any additional time to collect evidence. *See generally, id.* Nor did Petitioner request to call any of his medical providers as witnesses. *See generally, id.*, *see also* Att. D, and Att. H (waiving right to call witnesses).

23. I hereby state I was not predisposed to finding Petitioner guilty, and I acted as an impartial and objective decisionmaker. I considered all the evidence presented before me on January 31, 2023, and based my findings on the evidence at hand.

24. After hearing the evidence, I concluded that Petitioner violated Prohibited Act Code 110 (Refusing Drug Testing (UA)) as charged. *Attachment J* at pp. 2–4.

25. My conclusions are contained in Section V of the DHO Report. *See id.* at pp. 2–4. I considered the following evidence at the hearing:

    a. The written report from the reporting staff member;

    b. Petitioner's failure to make a statement to the investigating lieutenant;

    c. Petitioner's "No Comment" statement to the UDC;

    d. The chain of custody associated with the incident report; and

    e. Petitioner's statement at the DHO Hearing.

26. In reaching my decision, I relied primarily on the written statement of the reporting officer as contained in the Incident Report and Petitioner's admission that he did not provide a urine sample within the two (2) hour limit. *Id.*

27. Additionally, I made adverse inferences from Petitioner's silence during the investigation phase of the proceedings and during his subsequent UDC hearing. *Id.* at p. 3. As set forth

above, Petitioner's silence was not the sole evidence I relied upon by reaching my conclusions. *See id.*

28. Rather, I found that based on the greater weight of the evidence, Petitioner committed the prohibited act as charged. *See id.*

29. Refusing to provide a urine sample hampers staff's ability to detect and deter the illegal use of narcotics, and for that reason, a refusal is considered the equivalent of testing positive for illicit substances on a urine screen. Therefore, I sanctioned Petitioner with the disallowance of 41 days of Good Conduct Time, 30 days disciplinary segregation (suspended for 90 days), and 180 days loss of visitation, telephone, and commissary privileges. *See id.* at p. 4.

30. I delivered a copy of the DHO Report to Petitioner on February 1, 2023. *Id.* at p. 4. I advised Petitioner of his right to appeal through the administrative remedy process within 20 calendar days both at the DHO Hearing, and in the DHO Report. *Id.*

I declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed this 6th day of January 2025.

James McIlrath
Discipline Hearing Officer
FCC Lompoc