IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ABU KHALID ABDUL-LATIF,**

   Petitioner,

v.              **CIVIL ACTION No. 5:24-CV-224**
                Judge Bailey

**HEATHER RAY,** Warden[1],

   Respondent.

## ORDER

   The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 17]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 19, 2025, wherein he recommends that the pending Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Doc. 8] be granted and that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice.

---

[1] As noted in Magistrate Judge Mazzone's Report and Recommendation, petitioner named as respondent Warden B. Birkholz, the Warden of FCI Lompoc, where the DHO hearing in question in this case occurred. The Government points out that the proper respondent in a habeas petition is the petitioner's custodian. *See* 28 U.S.C. § 2243. This Court, similar to Magistrate Judge Mazzone, construes the *pro se* petition as directed against Warden Ray, as the Government's Memorandum [Doc. 9] notes that Ray is the current Warden of FCI Hazelton.

1

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. ***Thomas v. Arn***, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). No objections have been filed to the R&R.[2]

A *de novo* review of the record indicates that the R&R accurately summarizes this case and the applicable law. Accordingly, Magistrate Judge Mazzone's Report and Recommendation [**Doc. 17**] is **ADOPTED**. Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 8**] is **GRANTED**, and the Petition [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED TO STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

---

[2] Pursuant to the R&R, "Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of this Court **specific written objections identifying the portions of the recommendation to which objection is made and the basis of such objections.**" *See* [Doc. 17 at 11].
Service of the R&R was accepted on February 21, 2025. *See* [Doc. 18]. February 21, 2025, was twenty-four (24) days ago. Thus, this Court did not just wait the standard fourteen (14) days—this Court waited an additional ten (10) days before ruling on the pending R&R.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 17, 2025.

                                                          _____
                                                          JOHN PRESTON BAILEY
                                                          UNITED STATES DISTRICT JUDGE